UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

The Huntington National Bank,
a national banking association,

    Plaintiff,

- vs -

Elliott Investment Co. Inc.,
a Michigan corporation,

    Defendant.

Case No. 2:19-cv-10511-MOB-RSW
Hon. Marianne O. Battani
Mag. Judge R. Steven Whalen

---

DOUGLAS C. BERNSTEIN (P33833)
Plunkett Cooney
Attorneys for Plaintiff
38505 Woodward Ave., Suite100
Bloomfield Hills, MI 48304
(248) 901-4000
dbernstein@plunkettcooney.com

JOEL E. GRAND (P51261)
Grand & Grand PLLC
Attorneys for Defendant
31731 Northwestern Hwy., Suite 115E
Farmington Hills, MI 48334
(248) 538-3737 x101
joel@grandandgrand.com

G. TIMOTHY MOORE (P31349)
Moore Penna & Associates PLLC
Attorneys for Court Appointed Receiver
M. Shapiro Management Company LLC
38600 Van Dyke Ave., Suite 300
Sterling Heights, MI 48312
(586) 883-6585 x3
tmoore@moorepennalaw.com

---

## ORDER APPROVING THE SALE OF THE MORTGAGED PROPERTY BY THE RECEIVER

This matter having come before the Court on the Stipulation to Entry of an Order Approving the Sale of Mortgaged Property by the Receiver entered into by Plaintiff The Huntington National Bank, Defendant Elliott Investment Co. Inc., and the Court Appointed Receiver M. Shapiro Management Company LLC (the "Receiver"); and the Court being otherwise fully advised in the premises:

IT IS HEREBY ORDERED THAT:

1. The Court Appointed Receiver M. Shapiro Management Company LLC (the "Receiver") may sell the Mortgaged Property (as defined below) free and clear of liens without further order of the Court pursuant to that certain Purchase Agreement between the Receiver, as Seller, and Byzantine Holdings II, LLC, a Michigan limited liability company, or its assigns, as Buyer, with an Effective Date of February 26, 2020 (the "Purchase Agreement").

2. The "Mortgaged Property" is defined as the real property described below commonly known as 6660 Mt. Elliott Ave. (a/k/a 6600 Mt. Elliott Ave.), Detroit, Michigan (the "Real Property"), together with all of the fixtures, equipment and personal property related to and located at or on the Real Property, together with all buildings, rights and appurtenances thereto. The Real Property is located in the City of Detroit, County of Wayne, State of Michigan, and is more particularly described as follows:

> **Parcel 1**: All that part of Lots 28 and 29 of the plat and survey by commissioners in partition in the Estate of John Strong, deceased of the North ½ of Section 28 and the Northeast fractional Section 29, Town 1 South, Range 12 East, according to the plat thereof as recorded in Liber 243 of Deeds, Page 517, Wayne County Records, described as follows: Beginning at the Southwesterly corner of Lot 29 of Strong Estate, which point is the intersection of the Easterly line of Mt. Elliott Avenue with the East and West ¼ line of said fractional Section 28, which line is also the Northerly line of the Michigan Central Railroad Right-of-Way; thence along the Easterly line of Mt. Elliott Avenue, North 28 degrees 14 minutes West 500.00 feet, more or less, to the Southerly line of Lot 30 of said Strong Estate; thence North 88 degrees 38 minutes 12 seconds East 681.55 feet, more or less, along the Southerly line of said Lot 30 to a point on the Westerly line of the Michigan Central Railroad spur Right-of-Way; thence Southerly along the Westerly line of the Michigan Central Railroad spur Right-of-Way on a curve to the left, a distance of 515.58 feet, radius of said curve being 603.69 feet, long chord of said curve bears South 28 degrees 48 minutes 34 seconds East 500.06 feet to a point in the Southerly line of Lot 28 of said subdivision of the Strong Estate, which line is also the East and West ¼ line of said fractional Section 28; thence along the South line of Lots 28 and 29, South 88 degrees 27 minutes West 686.05 feet to the point of beginning.
>
> **Parcel 2**: Lot 30 of the plat and survey of the North ½ of Section 28 and the Northeast fractional Section 29, Town 1 South, Range 12 East, according to the plat

2

thereof as recorded in Liber 243 of Deeds, Page 517, Wayne County Records, EXCEPT a strip of land 30 feet in width off the rear of the Northeasterly portion of and adjoining the Northeasterly boundary of said Lot 30 and extending from Strong Avenue across said Lot 30 a distance of 440 feet.

Commonly known as 6660 Mt. Elliott Ave., a/k/a 6600 Mt. Elliott Ave.
Tax Item No. 014140, Ward 15

3. The **THREE HUNDRED FIFTY THOUSAND AND 00/100 DOLLARS ($350,000.00)** deposit (the "Deposit") which has been deposited by the Buyer with First American Title Insurance Company (the "Title Company") shall be released by the Title Company to the Receiver upon entry of this Order as provided in Section 3 of the Purchase Agreement.

4. In closing the sale transaction contemplated by the Purchase Agreement, disbursing sale proceeds and insuring marketable title, any Title Company and other party to the sale transaction may rely on the representations of the Receiver that the Receiver has, to the best of the Receiver's knowledge, substantially complied with the Receiver's obligations under the Purchase Agreement.

5. The sale proceeds from the Closing shall initially be disbursed for payment of the following:

    a. all delinquent and current property taxes and assessments, subject to the prorations for current taxes as provided in the Purchase Agreement;

    b. all customary closing costs, including but not necessarily limited to the title insurance premium, and customary Title Company settlement/closing fee, document preparation fees, escrow fees, servicing/processing fees and wire transfer fees;

    c. all outstanding insurance premiums and water/sewerage, electric, gas and other utility bills with respect to the Mortgaged Property;

    d. water/sewerage escrow;

e. any liens against the Mortgaged Property with priority over Plaintiff's mortgage dated April 25, 2007 and on May 4, 2007 in Liber 46269, Page 147, Wayne County Records;

f. State and County transfer taxes;

g. lien discharge, release and termination recording and filing fees;

h. broker's commission to the Seller's real estate broker equal to three percent (3.0%) of the Purchase Price of **FOUR MILLION ONE HUNDRED TWENTY-FIVE THOUSAND AND 00/100 DOLLARS ($4,125,000.00)** as stated in the Purchase Agreement;

i. principal balance of the subject loan in the amount in the amount of $2,533,156.43 as of March 10, 2020, plus interest in the amount of $200,918.67 as of March 10, 2020, plus interest in the amount of $416.25 per day from March 11, 2020 to the date of Closing, to be paid to Plaintiff;

j. $300,000.00 (the "Holdback Fund") to be disbursed to the Receiver to be available to cover the Receiver's fees, the Receiver's costs and attorneys' fees, Plaintiff's out-of-pocket expenses (including but not limited to any unreimbursed protective advances, appraisal fees, UCC search fees, title fees), costs and attorneys' fees, and any outstanding or projected expenses of the Receivership Estate, including but not limited to any insurance premiums, utility charges, operating expenses, payroll expenses and other charges related to the Receivership Estate. To the extent that Plaintiff, Defendant and the Receiver agree on other costs, fees and expenses to be paid from the Holdback Fund, the Receiver may disburse such costs, fees and expenses without further

order of the Court; provided, however, the Receiver's fees and the fees for the attorney for the Receiver through February 29, 2020 as set forth in Exhibit's 3 and 4, respectively, of the March 11, 2020 Receiver's Report may be paid from the Holdback Fund at Closing, except to the extent that Plaintiff and/or Defendant timely object to such fees as provided in the Order Granting Plaintiff's Motion for Appointment of Receiver entered by this Court on April 5, 2019 (ECF No. 8) (PageID.195-217). In the event Plaintiff, Defendant and the Receiver are unable to agree to the full and final disbursement of funds remaining in the Holdback Fund within 30 days after Closing, the Receiver or any other party may file a motion with the Court to determine the propriety of the costs and/or fees sought, including but not limited to fees and costs related to any such motion.

6. Any remaining sale proceeds from the Closing in excess of the amounts set forth in the above Section 5 of this Order shall be disbursed to Defendant at Closing, payable to the order of Defendant and Defendant's counsel.

7. The Receiver shall furnish a report of the sale to the Court, Plaintiff and Defendant within 30 days after Closing. The report of sale shall not be filed with the Clerk of the Court.

8. The Receiver shall furnish a final report to the Court, Plaintiff and Defendant within 30 days after the final disbursement of all funds in the Receivership Estate. The final report shall not be filed with the Clerk of the Court.

9. The requirements of 28 U.S. Code §§ 2001, 2002 and 2004 with respect to the Receiver's sale of the Mortgage Property are hereby waived, and by stipulating to the entry of this

Order, Plaintiff and Defendant have agreed that such requirements have been waived by each of them.

10. Any conflict between the terms of this Order and the Order Granting Plaintiff's Motion for Appointment of Receiver entered by this Court on April 5, 2019 (ECF No. 8) (PageID.195-217) shall be governed by the terms of this Order.

11. This Order supersedes the Order Approving Procedure for Receiver to Sell Mortgaged Property (ECF No. 15) (PageID.253-262) entered by this Court on September 10, 2019.

IT IS SO ORDERED.

Dated: 3/18/2020

Victoria A. Roberts
UNITED STATES DISTRICT COURT JUDGE
In The Absence Of, Judge Battani.