UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE HUNTINGTON NATIONAL
BANK,

        Plaintiff,

v.

ELLIOTT INVESTMENT CO.,
INC.,

        Defendant.
_____/

Case No. 2:19-cv-10511

HONORABLE STEPHEN J. MURPHY, III

**ORDER GRANTING
RECEIVER'S MOTION FOR ENTRY
OF ORDER APPROVING PAYMENT OF RECEIVER'S
FEES AND RECEIVER'S ATTORNEYS' FEES AND EXPENSES [23]**

Pending is the Receiver's motion for fees and attorneys' fees and expenses. ECF 23. Plaintiff concurred in the motion, ECF 25, and Defendant did not respond. Defendant did, however, send the Receiver a short letter objecting to the fees before when the Receiver filed its motion. ECF 23-6. The Court reviewed the briefs and finds that a hearing is unnecessary. *See* E.D. Mich. LR 7.1. For the following reasons, the Court will grant the motion.

The Court appointed M. Shapiro Management Company, LLC to serve as Receiver at the start of the litigation. ECF 8, PgID 196–97. The Receiver managed to sell real property that was a matter of dispute and to accordingly resolve the entire case. ECF 19. The Receiver billed fees of $113,116.50 for its work and the Receiver's attorney correspondingly billed $45,265.00 in fees and $35.00 in expenses. ECF 23,

1

PgID 389–90, ECF 23-3, 23-4. The Receiver and its counsel also requested an additional $1,925.00 to provide reimbursement for the remaining time they will expend to close the receivership.[1] ECF 23, PgID 391. Once the fees are distributed, the Receiver will disburse all remaining funds. ECF 27, PgID 470.

## LEGAL STANDARD

While "there is not an extensive body of law on receiver compensation, the Supreme Court has confirmed the 'power of courts of equity to fix the compensation of their own receivers' and that the 'matter is left entirely to the determination of the court from which he derives his appointment.'" *Gordon v. Dadante*, 804 F. App'x 317, 325 (6th Cir. 2020) (quoting *Stuart v. Boulware*, 133 U.S. 78, 82 (1890)). Additionally, "[n]otwithstanding this broad discretion, the Supreme Court has cautioned that 'judges of the courts, in fixing allowances for services to court officers, should be most careful, and the vicarious generosity in such a matter could receive no countenance.'" *Id*. (quoting *In re Gilbert*, 276 U.S. 294, 296 (1928)).

## DISCUSSION

The Court's receivership order stated that "[t]he Receiver and all persons employed by and/or whose services are utilized by the Receiver, shall be compensated at their normal rates." ECF 8, PgID 204. The order also stated that "[t]he Receiver and the Receiver's counsel may receive payment on a monthly basis, without further Court order, provided no objections are filed with the Receiver or the Receiver's counsel. . . ." *Id*. at 204–05. Finally, if any party objects to the fees, "the Receiver or

---

[1] The Receiver will direct any portion of the prepaid fees that are unnecessary to close the receivership to Defendant. ECF 23, PgID 392.

2

any other party may file a motion with the Court to determine the propriety of the fees sought or of any objections." *Id*. at 205.

Here, Defendant did not file any motion, object to the rates charged by the Receiver's employees or object to the Receiver's counsel. ECF 23-6, PgID 458–59. Defendant did not object to any specific billing entries. *Id*. Rather, in a letter predating the Receiver's motion for fees, Defendant solely objected to work "undertaken by the Receiver and the Receiver's attorney working as a Broker in selling the property." *Id*. at 458. Defendant argued in the letter that "the Receiver is due to receive a Broker's Commission totaling 3% of the sale price." *Id*. Thus, Defendant claimed that if the "Receiver is allowed to retain both hourly fees related to selling the property as well as a Broker's commission of 3% of the sale price the Receiver will be unjustly and doubly compensated for the Receiver's work." *Id*. at 459.

In response to the objection, as it was required to do by the receivership order, ECF 8, PgID 205, the Receiver filed a motion to determine the propriety of the fees and commission, ECF 23. The Receiver claimed that one if its affiliate companies, M. Shapiro & Company, Inc., served as the Broker for the sale. *Id*. at 396. But the Receiver claimed that none of its "time entries relate to the usual Broker's services of listing and showing the Mortgaged Property, and the Receiver's attorney never represented or billed for any time spent on behalf of the Broker." *Id*. at 400.

Defendant did not respond to the Receiver's motion and has not offered any specific billing entries that it finds problematic. The Court carefully reviewed both the Receiver's billing records and the Receiver's attorney's billing records. There is no

3

evidence of entries clearly showing that either of those entities acted on behalf of the Broker. *See* ECF 23-3; 23-4. The Court will therefore overrule Defendant's objection and grant the unopposed motion for fees.

**WHEREFORE**, it is hereby **ORDERED** that the Receiver's motion for entry of order approving payment of Receiver's fees and Receiver's attorney's fees and expenses [23] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Receiver may **PAY** $113,116.50 to M. Shapiro Management Company LLC for the Receiver's fees through June 30, 2020, which includes $1,925.00 as an estimate of the Receiver's time after June 30, 2020 to close out and terminate the receivership.

**IT IS FURTHER ORDERED** that the Receiver may **PAY** $45,300.00 to Moore Penna & Associates for $45,265.00 in fees plus $35.00 in expenses incurred through June 22, 2020 as attorney for the Receiver, which includes $1,925.00 for an estimate of time after June 22, 2020 for the Receiver's attorney to close out and terminate the receivership.

**IT IS FURTHER ORDERED** that to the extent the Receiver or the Receiver's attorney do not incur time justifying the entire $1,925.00 included in each of their respective fees to close out and terminate the receivership, they shall **REFUND** any surplus directly to the Defendant.

**SO ORDERED**.

                                          s/ Stephen J. Murphy, III
                                          STEPHEN J. MURPHY, III
                                          United States District Judge

Dated: December 1, 2020

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 1, 2020, by electronic and/or ordinary mail.

                                        s/ David P. Parker
                                        Case Manager